## Roycroft, *et al. v.* Jordan, *et al.*

*Reformation of Instrument.*

(Decided June 5, 1913.　62 South. 701.)

*Reformation of Instrument; Mistake; Burden of Proof.*—In a bill to correct a misdescription of lands conveyed by deed, where it appears that the grantor conveyed the same land by a subsequent correct deed to another, complainants have the burden of proving that the subsequent purchaser had knowledge of the mutual mistake of the parties to the prior deed before he purchased the land.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Bill by Hayce Roycroft and others against John A. Jordan and others to reform and correct an alleged misdescription in a deed. Decree for respondents and complainants appeal. Affirmed.

W. H. WRIGHT, and BROWN, LEEPER & KOENIG, for appellant. Execptions to testimony not noted at the time of the examination of the witness is waived if not noted on the submission.—*Harn v. Dadeville,* 100 Ala. 199. The evidence was such as to authorize and require the relief prayed.—*Edisto P. Co. v. Stamford,* 125 Ala. 93; *Liner v. State,* 121 Ala. 1.

HAYNES & MCMILLAN, for appellee. The burden was on complainant to prove the allegations of the bill.—

*Robertson v. Griffin,* 173 Ala. 372, and authorities cited. Complainants failed in this respect, and the court is not in error in dismissing their bill.—*Steed v. Knowles,* 97 Ala. 582; *Vandevant v. Ford,* 60 Ala. 615; *Harris v. Bell,* 27 Ala. 522. By calling Jordan as a witness complainant vouched for him.—*Jones v. State,* 115 Ala. 67.

McCLELLAN, J.—On May 24, 1900, John Jordan owned the N. W. ¼ of the S. E. ¼ of section 4, township 21, range 4 W., in Shelby county. On that date Jordan sold this 40 to J. N. Campbell, A mutual mistake was made by them in that the 40 was described in the deed to Campbell as being in the S. W. ¼ of the section mentioned. On March 26, 1906, Jordan again sold the 40 to W. E. Harrison, and executed to him a conveyance in which the 40 was correctly described. On October 7, 1907, Campbell sold the 40 to the complainants (appellants), and in this conveyance the land was correctly described. It appears that neither Campbell nor complainants knew of the error in description in the deed of Jordan to Campbell until after the execution and delivery of the deed from Campbell to complainants.

This bill, by the grantees of Campbell, against W. E. Harrison, Campbell, and Jordan (Campbell dying pending the suit), seeks the reformation and correction, in respect of description, of the Jordan deed to Campbell, and bears the averment that Harrison had notice or knowledge of the mutual mistake in the description in the Jordan-Campbell deed *before* he purchased the 40 from Jordan in March, 1906. The court below concluded that the stated controlling allegation of knowledge or notice on the part of Harrison was not sustained in the evidence.

We have carefully reconsidered the entire evidence on this issue, and so with the aid of the thorough discussion afforded by the respective briefs of the solicitors. We are unable to affirm that the conclusion prevailing below was erroneous. The evidence on this matter of knowledge or notice on the part of Harrison is very conflicting, incapable of being harmonized in any degree. The burden was assumed by the complainants to sustain the affirmative allegation. This we cannot say they have done. The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.